In The United States District Court
For The District of Delaware

Kenny F. Reeder,
    Petitioner,

V.

Thomas Carroll, Warden,
Joseph R. Biden, III, A.G.,
    Respondents.

Civ. A. No.: 07-243-SLR



FILED
SEP 21 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RO scanned

Petitioner's Amended Habeas Corpus Petition

    Petitioner, Kenny Reeder, hereby respectfully moves the Honorable Court Pursuant to Rule 15(a) of the Civil rules of Federal Procedure to incorporate the enclosed material/arguments to his Pending Habeas Corpus Petition.

                                        *Kenny Reeder*
                                        Kenny Reeder, Petitioner, Pro Se'
                                        1181 Paddock Rd. D.C.C.
                                        Smyrna, D.E. 19977

1. On the "Table of Citations" Page (at bottom), it should be Page "i".

2. On the following Page (directly behind it), it should be Page "ii".

3. On the "Jurisdiction of the Court" Page, it should be Page "iii".

4. On the "Nature & Stage of the Proceedings" Page, it should be "I".

5. On the following Page (directly behind it), it should be "II".

6. On the "Statement of Facts" Page, it should be Page "III".

7. On the Page (directly behind it), it should be Page "IV".

8. On the Page directly behind IV, it should be Page "V".

9. On the Page directly behind V, it should be Page "VI".

10. On the Page directly behind VI, should be Page "VII".

11. On the Page behind VII, should be Page "VIII".

12. On the "ARGUMENTS" Page, should be Page "IX" (directly behind Page VIII.

13. On Page IX, remove everything & amend to the following:" A) ARGUMENT I. (Actual Innocence Claim) → Preliminary hearing thru Suppression hearing, Section B). . . . . . . PAGE(S) 1 thru 10

" C) ARGUMENT II. (Colorable Claim of Prosecutorial Misconduct) → thru Section (sub section D-E) → A Different result & Trial. . . . PAGE(S) 10 thru 18

F) ARGUMENT III. (The Standard/Requirements of "Contrary to or Unreasonable Application" of clearly established Federal Law). . . . . . Page(s) 18 thru 23

G) ARGUMENT IIII. (Trial court abused its discretion in denying suppression (hearing) boots/boot prints under authenticity as admissible in trial).

H) ARGUMENT V. (A Colorable claim of Ineffective Assistance of Counsel). . . . . . . . . . Page(s) 23 thru 29

I) Entitlement to Evidentiary hearing at Federal Level. . . Page(s) 29 thru 31

IX

After section I on Page 31 is the <u>Conclusion</u>., Page 31

After section I on Page 31 is the <u>Conclusion</u>., Page 31

X

## Amended Argument I

1. On page one (at top) insert "Actual Innocence claim" (above first paragraph) with "Argument I" inserted underneath it.

2. On page one in first paragraph (in sentence #2), this sentence shall say: "The Delaware courts have refused to give him relief from his Convictions which are indisputably based on 4th, 6th & 14th Amendment violations which denied his right to a fair trial altogether".

3. On page one in first paragraph (in sentence #4), Remove "Justice surely went awry in state Court".

4. On page one in first paragraph (in sentence #4), add the word "Colorable" after the word "Sound".

5. On page one in between paragraph one & two add "Standard AND SCOPE OF REVIEW".

6. On page one at bottom of second paragraph above "Preliminary hearing" add: "Colorable claim of Perjury in Preliminary hearing".

7. On page 3 above #10 add: "BRADY VIOLATION"

8. On page 4 below paragraph #12 (at end of Para. #12) add: "The Prosecutor knowingly failed to turn over the exculpatory evidence/results from State Bureau of Identification in violation of Reeder's due process rights to U.S. Constitution."

9. On page 4 at end of #14 add: "In Crawford V. Washington, 124 S.Ct. 1354 (2004), the U.S. Supreme Court held out-of-court statements by witnesses that are testimonial are barred, under the confrontation clause, unless witnesses are unavailable & defendants had prior opportunity to cross examine witnesses, regardless of whether such statements are deemed reliable by court; where testimonial statements are at issue, only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes, ie., Confrontation; abrogating Ohio V. Roberts, 448 U.S. 56, 100 S.Ct. 2531. U.S.C.A. Const. Amend. 6."

"Testimonials" given without actual "declarant" present for cross examination or having allowed defendant proper opportunity to have examined the original "declarant" (person who initially made statement) is inadmissible, regardless of whether the statement at "issue" falls within a firmly hearsay exception or or has a particularized guarantee of trustworthiness. U.S. v. Hendricks, 395 F.3d 173, 178-9 (3rd Cir. 2005).

10. On page 4 at the bottom of # 16, add: "The court recognized D.R.E 801 & 802 as applicable, pursuant to det. Conaway's testimony regarding "unidentified declarant" statement of Reeder's car cannot be used to justify probable cause to search the vehicle. In so doing, det. Conaway violated Reeder's Fourth Amendment right to "unreasonable search & seizure", Absent the courts ruling that Rule's 801(c) & 802 was applicable to the hearsay rule. The dispute over the credibility of the witness given live testimony before the jury was crucial to the states case. It, within itself, was the state's foundation & admission under the "hearsay rule" prejudiced Reeder to a fair trial.

11. On page 5 at end of # 18 add: " any testimony given by det. Conaway regarding unidentified declarant telling him that Petitioner absconded from jobsite must be suppressed under Del.C. §3507 as violating the Confrontation Clause under the 6th Amendment to federal Constitution, absent giving the Petitioner an opportunity to face-to-face confrontation & cross examination of declarant.

12. On page 6 at end of # 24 add: ", & therefore did not recieve a full & fair hearing on his Fourth Amendment claim in state court, Stone v. Powell, which entitles him to review on the merits of his claim.

13. On page 6 beside "Suppression Hearing" add: "(Colorable Claim of Prosecutorial Misconduct)

14. On page 9 at end of # 18 add: " The above conduct by states witness denied Petitioner his right for a full & fair hearing in state court under

ne fourth Amendment of the Constitution.

15. On Page 10 beside Prosecutorial Misconduct add: "<u>A Colorable Claim of Prosecutorial Misconduct</u>". Add: "<u>ARGUMENT II</u>" above Prosecutorial Misconduct.

16. On Page 10 add to beginning of #1: "The Prosecutor's Misconduct was used to deny Petitioner a fair hearing & the fair trial which he had a Constitutional right". Prosecutor misconduct denies the plaintiff right to a fair trial', <u>U.S. V. Bagley</u>, 473 U.S. 667 at 675 (1985), where 'it has so infected the trial with unfairness as to make the resulting conviction a denial of due process'.

17. On Page 10 in between Para. #1 & 2 add: "Standard & Scope of Review".

18. On Page 14 at end of #4 add: ", under the contrary to established Supreme Court decisions of <u>Stone V. Powell</u>".

19. On Page 16 at bottom of Page, remove the entire section "<u>All Cases cited below deal with Trial Court & Delaware Supreme Courts reliance of out-of-court declarant</u> (remove: 1., A thru E) on Page 16 thru 18.

20. On Page 18 section "E" should be section "E".

21. On Page 18, Change #2 to #1.

22. On Page 18, Change #3 to #2.

23. On Page 18 above or below #2 add: "Standard & Scope of Review".

24. On Page 18 (at bottom) section "G" should be section "F".

25. On Page 19 below Para. #2 (above Para. #3) add: "<u>ARGUMENT III</u>".

26. On Page 21 at the bottom (last sentence of Para #10) after the word "matched" add: "(Prelim. hrg. tr. at 53 & 54)".

27. On Page 23 above section "H" (after Para. #14) add section "G" <u>ARGUMENT IIII</u>, under <u>ARGUMENT IIII</u> add the following: "Trial Court abused its discretion in denying suppression of boots/boot prints under <u>Authenticity</u> as admissible in trial."

Trial court erred in assuming that Petitioner's argument is irrelevant due to "boots were found a number of days after the commission of the burglary. At trial the boots were entered by the state to prove that they linked the Petitioner to the burglary by identifying his boots as matching the prints found at the crime scene. However, det. Conaway never produced any scientific test to match the boots to those from the crime scene. Instead, the court accepted the presentation of a photo taken from the crime scene & comparing it to the Petitioner's boots (absent expert testimony of the same). Det. Conaway could not testify solely on the premise of his experience alone, without more the court is required to exclude as "improper inference" under D.R.E., F.R.E. Rule(s) 801 & 901 (Trial tr. at E-127-29).

However, trial court in post-conviction proceeding ruled it "didn't matter" concluding that the photograph was enough presented to the jury. The timeline in when the alleged evidence was found to compare to the boot prints at the crime scene was a nexis, & several tests were available to det. Conaway such as soil, casting, forensic, etc. Instead, the court allowed the "suggestive" photo that was misleading to the jury. Moreover, the prosecutor was able to interject the possibility that the photo of Petitioner's boots (prints) indeed matched a photo print taken from the crime scene jeopardized any fairness in Petitioner's trial. People v. Garafolo, 44 A.D.2d 86, 353 N.Y.2d 500 (1974) (directing Appellate Courts review of determining the credibility made by the trier of facts, if a witness testifys in a way to avoid constitutionality of subject matter at hand, whether it be about conduct of search or other (Trial tr. at H-3 thru H-6).

28. On Page 23 (Section H) above "Ineffective Assistance of Counsel", add: "A Colorable Claim of."

29. On Page 23 directly under "A Colorable Claim of Ineffective Assistance of Counsel", add: "ARGUMENT I."

30. On Page 23 directly after Para. 1 (between the 2 paragraphs) that are above "Pretrial Ineffective Assistance of Counsel", add: "Standard & Scope

of Review"

31. On Page 24 (Para. #1), Sentence #4, it should read: "The state had to produce this witness (out of court declarant) under the sixth (6th) Amendment to Delaware & U.S. Constitution before relying on the out-of-court statement's against Petitioner, as probable cause/exigent circumstances. Petitioner never absconded upon seeing police around his car & he is entitled to confrontation of alleged out-of-court declarant pursuant to 11 Del.C. § 3507, D.R.E. 801(c) & F.R.E. 801 or suppression of the out of court statements. There is no evidence in entire record that Petitioner fled after seeing police around his car."

32. On Page 24 (Para. #3), Sentence #2 should read: "Counsel allowed (without objecting) the state to use the statements as affirmative evidence & deny Petitioner due process of law & effective counsel in hearing."

33. On Page 26 after Para. #9 (in between Para. #9 & #1) remove: "Trial ineffective Assistance of Counsel" & add: "Colorable claim that trial counsel was prejudicially ineffective."

34. On Page 28 (at bottom of Page) after Direct Appeal add: "Colorable claim of Ineffective Assistance of Counsel".

35. On Page 31 after the ending of Para. #4 (above the paragraph that starts with "Petitioner", add: "Conclusion"

36. In Exhibit C, add the two (2) enclosed affidavits as Exhibit C (one three (3) page Affidavit dated 2-12-07) & (one two (2) page Affidavit dated 2-12-07).

Petitioner apologizes for any inconvienences he may have caused this Hon. Court, he was very meticulous with his Argument(s) & humbly prays this Hon. Court sees the prejudice & injustice his person has suffered to his constitutional rights in state Court. He is entitled to Habeas relief on all his claims.

State of Delaware  )
County of NewCastle ) SS:

Affidavit of: Kenny Reeder
Dated: February 12, 2007

## Affidavit

I, Kenny F. Reeder, being first duly sworn deposes and says that the foregoing statement is a true and correct version of what occured on August 18, 1999, in Petitioner's Suppression hearing in Sussex County, Superior Court, before the Honorable Judge, T. Henley Graves. I clearly state under the penalty of perjury of the laws of the state of Delaware.

1. On August 18, 1999, during Petitioner's suppression hearing, det. Conaway did knowingly give false statements that were necessary to the finding of probable cause for the warrantless search and seizure.

2. Det. Conaway testified falsely that he called Angie Conaway to get a description of what her property looked like because "he wasn't sure the property he was viewing in plain view in Petitioner's vehicle was, infact, her missing property (see: Suppr. hrg. tr. at 59).

3. Det. Conaway falsely testified that Angie Conaway gave him a detailed (blow-by-blow) description of her missing property, confirming the property (silverware) he was viewing while standing outside Petitioner's vehicle on his cellphone was hers (see: Suppr. hrg. tr. at 34).

4. Det. Conaway falsely testified that an "out-of-court" construction guy (declarant) told him that Petitioner saw the police, dropped

PG. 2 of 2

everything and absconded (see: Suppr. hrg. tr. at 35).

5. Det. Conaway falsely testified that he reviewed the police reports after the seizure when asked by the court, to determine that Petitioner's work tools could not be associated with any of the crime scenes (See: Suppr. hrg. tr. at 57-59). (See: Also Suppr. tr. at 49 for reference).

Trial

6. The state's witness, Angie Conaway, testified at trial that det. Conaway called her to say "her property was in the backseat of a car and he'd talk to her later (see: Trial tr. at C-106, 1A). This in reference to #2 of Affidavit, Petitioner's Proof.

7. The state's witness, Angie Conaway also testified adamantly that "she did not give det. Conaway any descriptions in the Phone call at Bethany Beach (work site)" (See: Trial tr. at C-111-113). This in reference to #3 of Affidavit, Petitioner's Proof.

8. There is No evidence in the record that Petitioner absconded after seeing police around his vehicle. The out of court Construction Guy (declarant) was never an in court witness. This is in reference to #4 of this Affidavit. (see: All transcripts).

Petitioner has satisfied requirements set forth in Franks V. Delaware and is entitled to a Franks hearing due to det. Conaway's deliberate false statements that he made knowingly or with reckless disregard for the truth, which was material to the finding of Probable cause.

DATED: September 19, 2007

Declarant: Kenny Roeder
Signature
(28 U.S.C. 1746 & 18 U.S.C. 1621)

State of Delaware  
County of New Castle    ss:

Affidavit of: Kenny Reeder  
Dated: February 12, 2007

## Affidavit

I, Kenny F. Reeder, being first duly sworn deposes and says that the foregoing statement is a true and correct version of what occured on February 4, 1999, in Petitioner's Preliminary (Probable Cause) hearing in Sussex County, Court of Common Pleas before Commissioner, Alicia B. Howard. I clearly state under the penalty of perjury of the laws of the state of Delaware.

1. On February 4, 1999, during Petitioner's Preliminary hearing, Det. Conaway gave false testimony to establish probable cause concerning the steps he used to justify the warrantless search and seizure of Petitioner's car. Det. Conaway testified that witness (Jeff Donaway) "identified positively, that the car he viewed was a 'black' mustang and he observed a subject getting and out of the car, which led him to believe there was at least two (2) people in the car". (See: Prelim. hrg. tr. at 7, 55-56).

2. Det. Conaway falsely labeled Petitioner's tools as "Pry tools" as part of his probable cause when there was no findings at the crime scenes of any evidence of pry marks to associate the tools in Petitioners vehicle with same (See: Prelim. hrg. tr. at 5-6, 19, 62).

3. Det. Conaway also testified falsely that the identity of the property (silverware) that was in Petitioner's vehicle was identified by the

victim in person when det. Conaway testified" he went one step further and took the property to the victim (see: Prelim.hrg.tr. at 19).

4. Det. Conaway also testified falsely (in detail) by saying" he actually took Petitioner's boots out to scene and they matched prints in a field" (see: Prelim.hrg. at 54).

5. At trial, the states witness, Jeff Donaway testified that he did not know if the car was "black, dark blue or dark green" (see: Trial tr. at C-39, 42-43). He also testified that he did not see any people over or around his neighbors on night of burglary (see: Trial tr. at C-45, 49-50). This in reference to #1 of this Affidavit - Petitioners proof of Perjury.

6. The states witness, Angie Conaway, testified that she identified her property at the police station (via) a phone call from det. Conaway asking her to come to the station to identify it. The witness also testified that det. Conaway never brought her property to her house (see: Trial tr. at C-106-7, 115, 118-19). This in reference to #3 of this affidavit - Petitioners proof of more perjury.

7. Det. Conaway testified in trial that, on direct, he did not take Petitioners boots to field and make prints that matched (see: (his) Trial tr. at C-158-60). This in reference to #4 of this affidavit - Petitioners proof of more material perjury.

Petitioner is entitled to a Franks hearing (evidentiary hearing) due to det. Conaway's false statements that he made knowingly or with reckless disregard for the truth, which was material to the finding of Probable Cause. Petitioner constitutional rights were prejudiced & he is entitled to Habeas relief.

Declarant: _Yennur Ponder_
             Signature
(28 U.S.C. 1746 & 18 U.S.C. 1621)

# Certificate of Service

I, _Kenny F. Reeder_, hereby certify that I have served a true and correct cop(ies) of the attached: _2 copies of Amended Habeas Petition_ upon the following parties/person(s):

TO: _Hon. Sue L. Robinson_
_844 N. King St., Lockbox 18_
_Wilmington, DE. 19801_

TO: _____

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, 1181 Paddock Road, Smyrna, DE 19977.

On this _17_ day of _September_, 2007

_Kenny Reeder_

IM: Kenny Reeder
SBI# 253949   UNIT 22-A1-12
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



"Legal mail"

Hon. Sue L. Robinson, Chief Judge
United States District Court
844 N. King St., lockbox 18
Wilmington, DE
               19801

"Legal mail"

U.S.M.S
X-RAY

VOL. I.