IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KENNETH F. REEDER,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 07-243-SLR |
| | ) | |
| **ELIZABETH BURRIS**, Acting Warden and **JOSEPH R. BIDEN III**, Attorney General for the State of Delaware | ) ) ) | |
| | ) | |
| Respondents.[1] | ) | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On February 16, 1999, a Delaware Superior Court grand jury indicted Kenneth Reeder on a multitude of felonies related to a string of residential burglaries. Reeder was convicted of a total of 32 felonies and 18 misdemeanors and sentenced to a total of 112 years imprisonment for the burglary convictions; for the remainder of the charges, Reeder received prison sentences which were suspended for various levels of probation. On March 26, 2001, the Delaware Supreme Court affirmed Reeder's convictions and sentences on direct appeal. *See Reeder v. State*, 2001 Del. LEXIS 133 (Del. Supr.).

Approximately three years later, on March 23, 2004, Reeder moved for postconviction relief in Superior Court, filing several amendments to his motion. On May 25, 2005, the Superior Court denied Reeder's application. *See State v. Reeder*, 2005 Del. Super. LEXIS 182 (Del. Super. Ct.). The Delaware Supreme Court affirmed that order on May 3, 2006. *See Reeder*

---

[1] *See* Fed.R.Civ.P. 25(d)(1). Elizabeth Burris was named Acting Warden, effective September 1, 2007.

*v. State*, 2006 Del. LEXIS 227 (Del. Supr.). Reeder then filed his petition for a federal writ of habeas corpus in this Court on April 29, 2007. D.I. 1. This is respondents' answer to Reeder's petition.

## Facts[2]

> Detective Timothy Conaway investigated the residential burglaries for which the jury convicted Reeder. A witness to one burglary indicated that the burglar possibly used a dark-colored Mustang 5.0 with temporary tags. Reeder became a suspect in the burglaries after police stopped him during a routine crime prevention check while he was driving a dark-colored Mustang. Reeder's record indicated that he had been arrested several times for similar crimes.
>
> 6. Detective Conaway, accompanied by Detective Sutton and a Bethany Beach Officer, Patrolman Mumford, went to Sea Colony in Bethany Beach where they believed that Reeder worked as a construction worker. While looking for Reeder, in order to question him about the burglaries, Detective Conaway saw two silverware cases and a "Lost Boys" cassette in the backseat of a dark-colored Mustang. The Mustang belonged to Reeder. These items matched descriptions of property taken in two of the burglaries. A worker on the site approached the police and indicated that Reeder "took off, dropping everything" after seeing the police. Detective Conaway began to pursue but immediately stopped fearing that Reeder might be armed. The police then searched Reeder's car, recovered the stolen items and found a set of pry tools. The police then obtained a search warrant and searched Reeder's residence. They found more stolen items in Reeder's residence. The police later arrested Reeder for crimes related to the burglaries.

## Discussion

In his petition, memorandum of law, and amended petition for federal habeas relief, Reeder airs a veritable laundry list of claims faulting his trial and convictions in the Delaware courts. Many of Reeder's claims, however, center on his argument that police had violated his Fourth Amendment rights when they conducted a warrantless search of Reeder's vehicle. Reeder

---

[2] *See Reeder v. State*, 2001 Del. LEXIS 133, at *2-4.

also implies that there was prosecutorial misconduct, *see* D.I. 2 at 19, "intrinsic fraud" undermining his conviction, *see* D.I. 2 at 21, and that he had received ineffective assistance of counsel, *see* D.I. 2 at 23.

Reeder has only exhausted certain claims. On direct appeal, Reeder presented two arguments: (1) evidence seized during the warrantless search of his car should have been suppressed; and (2) a challenge to his sentence. *See Reeder v. State*, 2001 Del. LEXIS 133, at *1, 4-9. In his subsequent postconviction appeal, Reeder first argued that "the Superior Court abused its discretion by denying his motion for postconviction relief on the ground that his claims of perjured testimony by a witness for the State, subornation of perjury by the prosecutor and abuse of discretion by the trial judge were procedurally barred." *Reeder v. State*, 2006 Del. LEXIS 227, at *2-3. Reeder had also claimed that his counsel was ineffective by failing to

> interview a potential defense witness; object to Detective Conaway's perjured testimony at the suppression hearing; renew the motion to suppress after a witness at trial contradicted Detective Conaway's testimony; cross-examine Detective Conaway about his perjured testimony; call Mrs. Conaway as a witness at the suppression hearing; obtain certain exculpatory evidence from the State; argue insufficient probable cause due to the perjured testimony; file a reply brief; and argue to the judge and jury that the trial was unfair due to the perjured testimony

*Reeder*, 2006 Del. LEXIS 227, at *7. Accordingly, to the extent that Reeder has included claims that go beyond those presented to the Delaware Supreme Court, he has not exhausted state court remedies.

Of course, if there are no state court remedies available, then Reeder is excused from the exhaustion requirement. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989). To the extent that Reeder did not raise a particular claim in his state court filings, then he would be barred, by operation of Superior Court Criminal Rules 61(i)(1)

and (2), from doing so in a subsequent postconviction filing.[3] Given his inability to present this matter to the Delaware courts, however, Reeder is excused from the exhaustion requirement on these claims. *See Lawrie v. Snyder*, 9 F. Supp.2d 428, 454 (D. Del. 1998). Nonetheless, federal habeas review of any such claim is barred unless Reeder establishes cause for his procedural default in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey*, 499 U.S. at 493; *Carrier*, 477 U.S. at 487; *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 1982)); *Dawson*, 988 F. Supp. at 804-05. Because Reeder is unable to meet this burden, however, he cannot overcome the procedural default and relief should be denied accordingly.

In any event, Reeder is not entitled to federal habeas relief because his petition is untimely. Reeder's petition and accompanying memorandum of law were filed on April 29, 2007,[4] subjecting it to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson*, 988 F. Supp. at 802-03. By the terms of § 2244(d)(1), as amended by

---

[3] *See, e.g., DeShields v. Snyder*, 829 F. Supp. 676, 681-82 (D. Del. 1993).
[4] The petition is dated April 29, 2007. D.I. 1 at 16. That is the presumptive date on which Reeder gave the petition to prison officials for mailing. In turn, that date is the date the petition is deemed filed. *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002).

AEDPA, a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[5] The Delaware Supreme Court affirmed Reeder's convictions and sentences on March 26, 2001. Reeder then had ninety days to petition the United States Supreme Court for a writ of certiorari. Accordingly, under § 2244(d)(1)(A), Reeder's conviction became "final" on June 25, 2001.[6] *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999) (when a petitioner does not file a petition for a writ of certiorari in the United States Supreme Court, his conviction becomes final upon the expiration of the 90-day filing period). Reeder, therefore, had until June 25, 2002 to file his federal petition without running afoul of the one-year limitations of § 2244(d)(1). *See Satterfield v. Johnson*, 434 F.3d 185, 191 (3d Cir. 2006); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Instead, Reeder did not file the instant petition until April 29, 2007. By respondents' calculation, 1,363 days had passed since the one-year limitations period had expired. Accordingly, Reeder's petition is untimely and must be dismissed unless the intervening time can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The tolling mechanism of § 2244(d)(2) does not save Reeder's petition from the one-year limitations period. When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. Reeder did properly file a motion for state postconviction relief. Unfortunately, he did not do so until March 23, 2004. By that time, the one-year limitations period had expired by a mere 1,002

---

[5] Reeder does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.
[6] The ninety-day window during which Reeder could have petitioned the United States Supreme Court for a writ of certiorari actually expired on June 24, 2001, a Sunday. Accordingly, he had until the next business, June 25, to file his petition. U.S. Supr. Ct. R. 30.1.

days. Moreover, Reeder's postconviction filing had no effect on the expiration of the one-year period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Woods*, 215 F. Supp.2d at 462 (citing cases); *Spencer v. Snyder*, 2002 U.S. Dist. LEXIS 14754, *5-6 (D. Del. July 24, 2002) (citing cases). Accordingly, there is no basis for any period of time to be statutorily tolled.

Furthermore, while this Court has noted that the limitations period may be subject to equitable tolling, *see, e.g., Thomas v. Snyder*, 2001 U.S. Dist. LEXIS 19969, at *10-11 (D. Del. Nov. 28, 2001) (describing rule), Reeder's petition presents no justification for doing so. Equitable tolling saves an untimely petition only when the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). To this end, equitable tolling has been "specifically limited" to three situations: "(1) where the defendant (or the court) actively misled the plaintiff; (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where the plaintiff asserted his rights mistakenly in the wrong forum." *Bacon v. Carroll*, 2007 U.S. Dist. LEXIS 68877 (D. Del. Sept. 17, 2007) (*quoting Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)). Equitable tolling, however, requires diligence on the part of the petitioner. *Miller*, 145 F.3d at 618-19. *See also Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Given the lapse of nearly three years between the affirmance of his convictions and the initation of state postconviction proceedings, Reeder cannot establish that he acted diligently. As a result, there is no basis for equitable tolling. *See Pace v. DiGuglielmo,*, 544 U.S. 408, 418-19 (2005); *LaCava v. Kyler*, 390 F.3d 271, 277 (3d Cir. 2005).

Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Reeder's trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

    /s/Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

DATE: December 21, 2007

**CERTIFICATE OF SERVICE**

     I hereby certify that on December 21, 2007, I electronically filed the attached documents with the Clerk of Court using CM/ECF. I also hereby certify that on December 21, 2007, I have mailed by United States Postal Service, the same documents to the following non-registered participant:

>Kenneth F. Reeder
>No. 253949
>1181 Paddock Road
>Delaware Correctional Center
>Smyrna, DE 19977

>/s/Kevin M. Carroll
>Deputy Attorney General
>Department of Justice
>820 N. French Street
>Wilmington, DE 19801
>(302) 577-8500
>Del. Bar. ID No. 4836
>Kevin.Carroll@state.de.us

Date: December 21, 2007

8