In The United States District Court
For The District of Delaware

Kenny F. Reeder,
   Petitioner,

V.

Civil Action No. 07-243-SLR

Perry Phelps, Warden &
Joseph R. Biden III, Attorney
General of the state of
Delaware,
   Respondents.



FILED
FEB 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Reply

Pursuant to U.S. District Court Local Rule 7.1.3(c)(2) Governing Section 2254 actions, Petitioner states the following in response to states answer to Petitioners Writ of Habeas Corpus.

The Court must review colorable claim's under de novo. The Court has jurisdiction over the Constitutional violations & failure to review would Substantially result in a miscarriage of Justice if left uncorrected.

The standard of habeas review in Provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) is not applicable to a first federal habeas petition seeking consideration of defaulted claims based on a showing of actual innocence. House V. Bell --- S.Ct. ---, 2006 WL 1584475.

Under actual innocence to Procedural bar rule, habeas Petitioners asserting innocence as a Gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found Petitioner Guilty beyond a reasonable doubt. House supra.

# FACTS

1. Det. Conaway was Chief investigating Officer for state (States Primary Witness).

2. He testified that a witness told him that he observed a "black" mustang, not "Possibly" a black mustang, at his neighbors house.

3. Det. Conaway & two other officers drove to Petitioners Place of employment (Sea Colony) on a fact-finding mission (to talk to him → No Probable Cause).

4. Det. Conaway located Petitioner's car, looked in windows & noticed two cases Partially covered by work jacket(s) (among other things).

5. He testified he "wasn't sure" if what he was looking at was stolen Property (not immediately apparent).

6. He testified he conducted "some further search" of the Property by calling Mrs. Angie Conaway (witness/victim) & asking her to describe her Property to him.[1]

7. Det. Conaway testified after he ended his Phone call with Mrs. Conaway & unknown construction worker (unidentified) came running over to his car & told him Petitioner "took off, dropped everything & absconded" after seeing Police around his car.[2]

8. He then "slim-jimmed" Petitioners' car open, searched & seized it.

9. Det. Conaway testified in Probable cause hrg (Prelim) that he confirmed the identity of the cases by Physically driving them to Mrs. Conaway at her home where she identified in Person.[3]

10. He also testified in Probable cause hrg (Prelim) that he Physically took Petitioners' boots, that he seized with search warrant, out to burglary scene (Conaway residence) & they matched Prints that were in the field.

11. He led the trial court to believe he had inculpatory evidence against Petitioner by testifying that he sent Petitioners' boots, Prints, & a Photo to State Bureau of Identification (S.B.I.), Rod Hegman & at time of hrg was awaiting on results.[4]

12. Det. Conaway obtained a search warrant for Petitioners residence & used evidence from Petitioner's car for Probable cause for the search warrant.

---

[1] The state, in its Answer (in "Facts"), left out the Phone call the trial court used to deny Petitioner's suppression hrg in violation of his federal due process rights (state knows call was false).

[2] The declarant that allegedly gave these "testimonial" statements to det. Conaway was never Produced. Petitioner never had opportunity to confront his accuser. The "testimonial" statements were used to deny (specifically) the suppression.[3] Det. Conaway never testified to detailed Phone

## Colorable Claim of Actual Innocence

The Pretrial decision rested specifically on perjured testimony & out-of-court "testimonial" statements that was clearly erroneous & has therefore worked a manifest injustice that violated Petitioner's due Process of law. The due Process violations in both Pretrial hearing(s) allowed tainted evidence to be introduced at trial (boot's, Photo's, Out-of-court declarant, search & seizure evidence) that worked to his actual & substantial disadvantage, infecting his entire trial with errors of constitutional dimensions, Constitutional violations which invoke the fundamental miscarriage of justice exception.

In order to demonstrate a miscarriage of justice, Petitioner must show that a "Constitutional violation has Probably resulted in conviction of one who is actually innocent." Petitioner's case is unique & extraordinary, & falls into the narrow line of cases warranting federal habeas relief. Petitioner has shown actual innocence that has rendered his imprisonment unconstitutional under Schlup v. Delo, 513 U.S. 298 & House v. Bell, — S.Ct. —, 2006 WL 1584475.

A federal habeas Petitioner establishes actual innocence on a procedurally defaulted claim by asserting new reliable evidence that was not presented at trial, such as exculpatory evidence, trustworthy eyewitness accounts, or critical Physical evidence, showing that no reasonable juror would have voted to find Petitioner guilty beyond a reasonable doubt. 28 USCA § 2254. The states Primary witness, Det. Conaway, testified falsely to court & jury about boot's matching Prints in field beside Conaway burglary, this, in turn, allowed State to Publish Photo's to jury in trial that ultimately Prejudiced Petitioner. The state failed to turn over the results (exculpatory evidence) from S.B.I. to defense that would have Proven Petitioner was not at

---

Call that gave him Probable cause, instead, in Prelim, he testified he Physically drove the Property to her house to identify (this proves along with Mrs. Conaway's denial of descriptions), he fabricated Probable cause, also Mrs. Conaway denied him ever bringing her Property to her house to identify. [4] The defense never recieved the results (exculpatory evidence) from S.B.I./ State.

3

Crime Scene.

The nature of the constitutional error involved provide powerful support for the conclusion that had Jurors heard the testimony of det. Conaway in Pretrial hearings at trial, they would have had reasonable doubt concerning Petitioner's Guilt. The jury foreperson submitted a note to trial court during deliberations requesting help by asking: "<u>From which Victim's residence does the Photo's go with?</u>" When the trial court told them it couldn't help them, not even two minutes later, they found Petitioner Guilty on all counts (50 counts) SEE: <u>Vol. H. of trial transcripts (H3 to H6)</u>. Had state turned over the results from S.B.I., Jury would have known Petitioner was never at burglary scene. The Photo's had an impact (substantial & injurous effect in determining their verdict) on jury & in light of this new evidence (exculpatory evidence), it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Petitioner's boots were <u>NEVER</u> taken to crime scene & matched up to Prints. <u>The state knew or should have known</u> her Primary witness Committed Perjury when she specifically asked det. Conaway in trial on direct:

"Did he take Petitioner's boots to the scene?"

(Answer)   A. <u>No</u>.   (See: Vol. C. trial transcripts at C-159-160).

The Photo's Published to the Jury in trial Prejudiced Petitioner's due process right to a fair trial Guaranteed to him by U.S. Constitution. The Photo misled the Jury & Jeopardized any fairness in the trial. The trial court should have suppressed boots/Prints under Authenticity as inadmissible in trial. U.S.C.A. Const. Amend. 14, or as Perjured testimony.

We now know, though trial jury did not, that state withheld exculpatory evidence, OR, AGAIN, States primary witness det. Conaway Committed <u>more material Perjury</u> that violated Petitioner's due process rights to a fair trial. U.S.C.A. Const. Amend. 14, SEE: <u>Prelim. hrg. tr. at 54 (for results → exculpatory)</u>. Petitioner avers that he has demonstrated/shown substantial evidence of actual innocence warranting federal habeas relief of his colorable Constitutional claim under both <u>Schlup</u> & <u>House</u>.

<u>Exhaustion</u>

4

A Petitioner satisfies the exhaustion requirement for federal habeas Petitions by fairly presenting the substance of the federal habeas claim to states highest court, either on direct appeal or in a post conviction proceeding, & in a procedural manner permitting the state courts to consider it on the merits. 28 U.S.C.A. §2254(b)(1). Petitioner presented the <u>actual innocent</u> claim & the <u>Brady</u> claim to states lower court & highest court (Delaware Superior & Supreme) under Prosecutor Misconduct (Police Perjury & Prosecutor knew or should have known of Perjury) by asserting constitutional violations resulted in his convictions. The state courts ruled (in Petitioner's Post Conviction Motion) that "<u>it would be more Judicially economical to eliminate those Grounds</u>" (meaning Petitioner's <u>Brady</u> & <u>Perjury</u> claims under Pros. Misconduct & abuse of discretion).

 Petitioner has giving state courts a fair opportunity to act on his colorable constitutional claims as required of him by 28 USCA §2254(c). The lower court (Superior) denied Petitioner's Post Conviction Motion verbatim (<u>word for word</u>) that the Delaware Supreme Court used to deny his direct appeal. <u>SEE: direct Appeal denial & Post conviction denial</u>). Petitioner has not had a full & fair opportunity to develop the facts to support his claims, State court's decision in denying relief without an evidentiary hearing was based on an unreasonable determination of the facts. The state court's never addressed the merits of the colorable claims but simply ignored them by ruling they were barred. This was no fault of Petitioners, his Post Conviction was timely filed (which at that time allowed a three year filing deadline),[5] & submitted according to the states procedural requirements.

<u>Colorable claim of Prosecutor Misconduct</u>

 The Prosecutor elicited testimony from det. Conaway in suppression that was false, she knew the Plain view observations were not immediately apparent, a requirement under the Plain view doctrine. The Phone call he testified to making, she knew or should have

---

[5] The deadline has since been revised & is now reduced to one (1) year, Applicants now have one (1) year, after direct review, to file (submit) a Post Conviction Motion. It is Petitioners understanding it was reduced to comfort with federal habeas deadline.

known the call was fabricated since in Prelim he testified to driving to victims home for identification. Moreover, the Phone call was "conducting some further search" of the object which is a direct violation of clearly established federal law in Minnesota V. Dickerson, 508 U.S. 365 & Petitioners federal due process rights. The warrantless search & seizure & house warrant was introduced into evidence at trial that worked to his actual & substantial disadvantage. Petitioner was denied a fair trial & the right to be free from unreasonable searches & seizures. U.S.C.A. Const. Amends. 4 & 14.

The suppression evidence/ruling caused irreparable prejudice to his federal constitutional rights due to state misleading jury into believing Petitioner was at crime scene by publishing photo's of prints & Petitioner's boots to them in trial & showing Petitioner was in possession of property belonging to victim in his car (warrantless search & seizure).

The Prosecution committed more misconduct by eliciting the out-of-court "testimonial" statements through det. Conaway's testimony about some unidentified declarant supposely telling him Petitioner absconded after seeing Police around his car. The effect of his testimony was to discredit the Petitioner & his defense, clearly the declarant was not subjected to cross examination. The statements were revealed thru- det. Conaway & offered for truth of matter asserted (that Petitioner fled). The Prosecutor was thus able to introduce evidence that was not subject to constitutionally adequate cross examination in violation of Petitioner's federal confrontation rights. U.S.C.A. Const. Amends. 6 & 14. The statements were highly incriminating, the trial court specifically relied on them & the Phone call the Court labeled as "blow-by-blow" descriptions to deny hearing. The testimony affected the reliability of the fact-finding process. SEE: Rational, Ex A.

The sixth amendment to U.S. Constitution Guarntees that "in all Criminal Prosecutions, the accused shall enjoy the right to be Confronted with the witnesses against him". In Crawford V. Washington, the U.S. Supreme court held "testimonials" Given without actual "declarant" Present for cross examination or having allowed defendant proper opportunity to have examined the original "declarant" is inadmissible, regardless of whether the statement at "issue"

6

falls within a firmly hearsay exception or has a particularized guarntee of trustworthiness. SEE Also: U.S. v. Hendricks, 395 F.3d 173 (3rd. Cir. 2005). The declarant in Petitioners case was never identified or present for cross examination, yet the out-of-court "testimonial" statements were used against Petitioner specifically in denying his suppression & his federal confrontation & due process rights to U.S. Constitution.

 The Prosecution called her witness, Angie Conaway to trial & on direct, cross & redirect, she denied given Any descriptions adamantly, to det. Conaway in phone call from Bethany beach. SEE: Trial tr. at Vol. C-111 to C-113. The Prosecutor knew or should have known her witness testified falsely concerning probable cause. The Prosecutor had a constitutional obligation to stop trial & inform trial court & jury about false testimony. Napue v. Illinois, 360 U.S. 264. Det. Conaway did not have probable cause to justify the plain view warrantless search & seizure, the seizure & house warrant was unreasonable to federal Constitution. The perjury in pretrial hearing's precluded Petitioner from an opportunity for full & fair litigation & due process of law.

 It's clear, had det. Conaway not testified falsely, it is more likely than not, the trial court would have suppressed the warrantless search & seizure & subsequent house warrant as fruits of poisonous tree. U.S.C.A. Const. Amends. 4 & 14. Det. Conaway's testimony & thus credibility, were therefore crucial to Petitioners conviction, without his testimony (false or true), the state would have been hard pressed to explain steps in justifying probable cause & Petitioners conviction, even if it had been determined he did not falsely testify about probable cause, he still violated clearly established federal law & Petitioners due process rights by "conducting some further search" of the property by the alleged phone call. Deference to state courts factual determination under AEDPA does not by definition preclude relief; thus a federal habeas court can disagree with a state courts credibility determination. 28 U.S.C.A. § 2254 (d)(1).

 The state courts failure to consider, or even acknowledge states other witness' highly probative testimony that descriptions never happened cast serious doubt

7

on the state courts fact-finding & compels the conclusion that state courts decisions were based on an unreasonable determination of the facts. Petitioner points out to habeas court that he has proven det. Conaway perjured himself already concerning a material matter (SEE Ex.3). He also points out that states other witness was very adamant <u>in all her testimony</u>, her testimony was <u>clear, direct, consistent & unequivocal - & remained unshaken</u> on cross & redirect. The trial court nor state Appellate court ever mentioned Miss Conaway's testimony in any ruling much less discussed what light this testimony cast on the striking differences concerning the phone call descriptions. Moreover, they didn't give any explanation as to it resolved the credibility contest of the two state witnesses in favor of the officer. Failure to consider key aspects of the record is a defect in the fact-finding process. <u>No court has properly considered Miss Conaway's testimony (denying descriptions)</u>   Miss Conaway's testimony was very significant & had huge bearing on being omitted in record as a whole therefore denying Petitioner due process of law. It is well established that when the state courts do not make findings at all, no presumption of correctness attaches & the federal courts must make their own findings. <u>Wiggins</u> V. <u>Smith</u>, 539 U.S. 510; 123 S.Ct. at 2540 (2003). Where state courts plainly misapprehend or misstate the record in making their findings, & the misapprehension goes to material factual issue that is central to Petitioners claim, that misapprehension can fatally undermine the fact-finding process, rendering the resulting fact-finding unreasonable, which entitles him review on the merits of his claims.

<u>Colorable Claim of ineffective Assistance of Counsel</u>

The Petitioner has shown counsel was ineffective in his representation & his performance fell below the objective standard of reasonableness established in <u>Strickland</u> V. <u>Washington</u>, 466 U.S. 668. Petitioners guaranteed federal right to effective counsel to U.S. Constitution was violated by counsels deficient performance.

The prejudice counsel rendered at every stage made it impossible

8

to put up a defense. Petitioner could defend against the perjury, withholding exculpatory evidence (Brady violation), testimonial statements that allowed tainted evidence into trial. Had counsel investigated the unidentified declarant, he could have shown he/she did not exist & objected to state relying on testimonial statements that Petitioner absconded upon seeing police around car".[6] <u>There is No evidence in record that Petitioner fled upon seeing Police around car.</u>

This would have been a detrimental blow to state. By counsel not objecting denied Petitioner confrontation of his accuser & a full & fair litigation to develop facts. Counsel's failure to object to det. Conaway testifying to phone call was error, he knew the plain view observation of the property wasn't immediately apparent due to his previous testimony in Prelim where he testified that he took the property to states other witness to be identified in person. Once detective testified to call (descriptions), counsel should have objected & cited relevant case law established in <u>Minnesota V. Dickerson</u> & <u>Horton V. California</u> (conducting further search of object) to support his objection that Plain View doctrine could not justify the search.

   Petitioner has satisfied the requirements under <u>Strickland</u> to put forth counsel rendered ineffective counsel in pretrial hearing's. Counsels deficient performance fell below the objective standard of reasonableness thereby prejudicing Petitioners right to effective counsel & due process of law. U.S.C.A. Const. Amends. 6 & 14.

   Counsel was ineffective for not objecting at trial & requesting trial court to put on record the standard to follow on how believed officer over states other witness, when she denied given the detective any descriptions in phone call at Petitioners workplace.

---

[6] Petitioner reiterates that the trial court denied suppression of warrantless search & seizure/house warrant specifically off the testimonial statements of this unidentified declarant. (SEE, Ex.<u>A</u>).

9

Counsel's objection would have preserved error on appeal for review in case it was overruled instead, Petitioners right to fair trial was prejudiced by counsel ineffectiveness. Counsel failed to cross-examine detective Conaway concerning the "blow-by-blow" phone call after states other witness denied given them to him. This failure by counsel was a critical blow to Petitioners due process right to a fair trial & effective counsel. The jury was never aware of suppression testimony, had jury heard all testimony- it is more likely than not that no reasonable juror viewing the record as a whole would lack reasonable doubt. Counsel's objection would have made trial court review record to see probable cause was fabricated. The trial court Judge wasn't same as suppression Judge (they switched at trial).

    Counsels incompetence allowed state to proceed to/with trial without affording Petitioner opportunity to challenge the veracity of det. Conaway's Probable cause & change the decision of suppression outcome. Counsel had evidence he needed to show trial court, the officer perjured himself in both Pretrial hearings Pursuant to <u>Title 18 U.S.C. § 1621 & Title 28 U.S.C. § 1746</u>. Counsel ignored all the Perjury & <u>Franks</u> issues that, in turn, denied Petitioner effective assistance of counsel & due process of law. U.S.C.A.Const. Amends. 6 & 14.

    Counsels errors caused Prejudice to Petitioner's Guarnteed federal right to effective assistance of Counsel to U.S.Constitution. His performance was deficient in its entirely, his unprofessional errors rendered trial fundamentally unfair & unreliable. Petitioner is entitled to review on merits & federal habeas relief.

### Entitlement to evidentiary hearing at Federal Level

Petitioner has never been afforded state or federal hearing on his colorable constitutional claims. He has put forth specific facts (withholding exculpatory evidence (results), testimonial statements from declarant that was never identified, No Probable cause to justify plain view in warrantless search & seizure, Perjury by states

primary witness or how state courts believed officer over states other witness) in which warrant federal habeas relief. Petitioner avers the Prosecutor's misconduct Precluded him from an opportunity to full & fair litigation in Pretrial hearings & trial entitling him to an evidentiary hearing on his colorable claims.

Petitioner has satisfied the requirements under Earl v. Ornoski to warrant an evidentiary hearing at federal level; establishing that the material facts were not adequately developed at state court hearing's; there is a substantial allegation of newly discovered evidence; the merits of the factual dispute were not resolved in the state hearing; the fact-finding Procedure employed by the state court was not adequate to afford a full & fair hearing; the state factual determination is not fairly supported by the record as a whole; or for any reason it appears that the state trier of fact did not afford the habeas applicant a full & fair hearing. SEE Also: Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745.

In Townsend, 372 U.S. at 313, 83 S.Ct. 745, if the defendant can establish any one of those circumstances, then the state courts decision was based on an unreasonable determination of the facts & the federal court can independently review the merits by conducting an evidentiary hearing.

## Conclusion

Petitioner has established colorable constitutional claims (violations) for relief. A evidentiary hearing is needed to develop the material facts that warrant federal habeas relief. Petitioner humbly Prays this Hon. Court Grant an much needed evidentiary hearing & issue this habeas corpus fully by reversing his Convictions, Grant suppression hearing & order a new trial.

DATED: February 25, 2008.

Respectfully Submitted
Yero Roeder 253949
1181 Paddock Rd.
Smyrna, DE. 19977

11

## Certificate of Service

I, _Kenny Reeder_, hereby certify that I have served a true and correct cop(ies) of the attached: _Reply_ _____ upon the following parties/person (s):

TO: _Dept. of Justice_
_820 N. French St., 6th Floor_
_Wilmington, DE 19801_

TO: _Hon. Sue L. Robinson, Chief_
_844 N. King St., lockbox 18_
_Wilmington, DE 19801_

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _25_ day of _February_, 2008

_Kenny Reeder_