IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH F. REEDER, | ) |
| Petitioner, | ) ) ) ) |
| v. | ) Civil Action No. 07-243-SLR |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) ) ) |
| Respondents.[1] | ) |

Kenneth F. Reeder. Pro se petitioner.

Kevin M. Carroll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

May 13, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January 2008, replacing former Warden Thomas Carroll, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

ROBINSON, Judge

## I. INTRODUCTION

Currently before the court is petitioner Kenneth F. Reeder's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 1; D.I. 10) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 1999, a Delaware Superior Court jury convicted petitioner of thirty-two felonies and eighteen misdemeanors, all of which stemmed from numerous residential burglaries that took place in December 1998 and January 1999. Petitioner was sentenced as an habitual offender to a total of 112 years of imprisonment for the burglary convictions. On the remaining convictions, petitioner received prison sentences which were suspended for various levels of probation. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences. See Reeder v. State, 783 A.2d 124 (Table), 2001 WL 355732 (Del. Mar. 26, 2001).

Petitioner filed a motion for reargument, dated January 30, 2001, which the Delaware Supreme Court denied on May 21, 2001. Reeder v. State, 2001 WL 760857 (Del. May 21, 2001). Petitioner also filed a petition for a writ of mandamus on November 5, 2001, which the Delaware Supreme Court denied on December 10, 2001. In re Reeder, 2001 WL 1636552 (Del. Dec. 10, 2001).

Thereafter, on March 23, 2004, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed

the Superior Court's decision on May 3, 2006. State v. Reeder, 2005 WL 1249041 (Del. Super. Ct. May 26, 2005); Reeder v. State, 900 A.2d 101 (Table), 2006 WL 1210986 (Del. May 3, 2006).

Petitioner filed the pending § 2254 application in April 2007.[2] The application contains numerous claims criticizing petitioner's trial and convictions. Most of petitioner's claims, however, are premised on the argument that the police violated his Fourth Amendment rights when they conducted a warrantless search of his vehicle. Petitioner also alleges prosecutorial misconduct, intrinsic fraud, and ineffective assistance of counsel. (D.I. 1; D.I. 10)

The State contends that several claims are unexhausted, but also argues that the court should dismiss the application in its entirety for being time-barred. (D.I. 18) Petitioner filed a response, essentially re-asserting the claims alleged in the application. (D.I. 21)

## III. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[2]Petitioner also filed an amended application. (D.I. 10) The court will consider both the application and amended application in this proceeding.

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated April 29, 2007, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Because he does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D), the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on March 26, 2001, and he did not seek certiorari review. However, petitioner filed a motion for re-argument, which the Delaware Supreme Court denied on May 21, 2001. In these circumstances, the ninety-day period is calculated from the date the Delaware Supreme Court denied the motion for re-argument rather than the date on which it decided petitioner's appeal. See U.S. Supr. Ct. R. 13.3

(ninety day period runs from the denial of a motion for rehearing or reargument); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999). Thus, petitioner's conviction became final on August 20, 2001.[3] Applying the one-year limitations period from this date, the court concludes that petitioner was required to file his application by August 20, 2002. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner filed his habeas application on April 29, 2007,[4] approximately four and one-half years after the expiration of the limitations period. Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

---

[3]The ninety-day period for filing a petition for certiorari review actually expired on August 19, 2001, a Sunday. Therefore, petitioner had until the end of Monday, June 25, 2001, to file his petition in the Supreme Court. U.S. Supr. Ct. R. 30.1.

[4]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated April 29, 2007 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). However, a properly filed application for state collateral review will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

The court presumes, without deciding, that petitioner's writ of mandamus triggers the statutory tolling provision of § 2244(d)(2). By November 5, 2001, the date on which petitioner filed the petition for a writ of mandamus, 77 days of AEDPA's limitations period had already expired. The limitations period remained tolled until the Delaware Supreme Court denied the petition on December 10, 2001, and started to run again on December 11, 2001. The clock ran without interruption until the limitations period expired on September 4, 2002. Thus, although petitioner "properly filed" his Rule 61 motion in March 2004, the Rule 61 motion does not have any tolling effect in this proceeding because it was filed years after the expiration of the AEDPA's limitations period. Accordingly, the statutory tolling doctrine does not render the application timely.

### C. Equitable Tolling

The court may also toll AEDPA's limitations period for equitable reasons if petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling

5

may be warranted:

    (1) where the defendant actively misled the plaintiff;
    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
    (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). However, equitable tolling is appropriate only if petitioner demonstrates that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. New Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).

    In a recent non-precedential opinion, the Third Circuit held that AEDPA's one-year filing period may be equitably tolled when the petitioner presents a viable claim of actual innocence. See Black v. Dist. Atty. of Philadelphia, 246 Fed. Appx. 795 (3d Sept. 7, 2007). Nevertheless, a petitioner's actual innocence will still only trigger equitable tolling if the petitioner exercised reasonable diligence in pursuing the innocence claim. See Horning v. Lavan, 197 Fed. Appx. 90, 94 (3d Cir. Oct. 2, 2006)(non-precedential).

    Here, petitioner alleges his actual innocence as a way to avoid the procedural default doctrine. The record reveals that petitioner waited nearly three years between the affirmance of his convictions and the initiation of his state post-conviction proceedings. Therefore, to the extent petitioner's allegations of innocence can also be construed as an attempt to trigger the equitable tolling doctrine, the court concludes

that petitioner's assertions of innocence do not warrant equitable tolling because he did not exercise the requisite reasonable diligence in pursuing his actual innocence claim.

Additionally, to the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such a mistake does not justify equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

7

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.