In The United States District Court
For The District of Delaware

Kenny F. Reeder, Jr.,
Plaintiff/defendant,

V.

Perry Phelps, Warden, & Attorney
Gen. of the State of Delaware.

Civ. A. No. 07-243-S.L.R.

"EVIDENTIARY HEARING REQUESTED"



FILED
JUN 24 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

REARGUMENT MOTION

Please take notice that, at the Honorable Court's earliest convenience, in the courtroom of the Honorable Judge Sue L. Robinson, Plaintiff/defendant will move the Court for leave to reargue/reconsider its ruling on his Person's Habeas Corpus Petition that was denied upon an order entered on May 13, 2008 without reviewing on it's merits/claims, or ordering an EVIDENTIARY HEARING.

In the event such leave is Granted, Plaintiff/defendant will move this Hon. Court that reargument proceed at it's earliest convenience. Plaintiff/defendant will further move for such other relief as the Court may deem Just & Proper.

Dated: June 17, 2008

Respectfully Submitted,
Kenny Reeder #253949
1181 Paddock Rd   D.C.C.
Smyrna, DE 19977

In The United States District Court
For District of Delaware

"EVIDENTIARY HEARING REQUESTED"

## AFFIDAVIT

Kenny F. Reeder, being sworn, states:

1. I am the Plaintiff/defendant Proceeding Pro se' in above-entitled action.

2. Affiant makes this affidavit in support of an application for the reargument of a motion to reconsider/reargue its (the Courts') earlier decision to dismiss Plaintiff/defendant's Habeas Corpus Petition without reviewing it on its merits or ordering an EVIDENTIARY HEARING.

3. The motion for reargument was made by the Plaintiff/defendant by a notice of motion date June 18 2008.

4. On or about May 13, 2008, a decision was rendered on Petition for Writ of Habeas Corpus by the Hon. Judge Sue L. Robinson dismissing Plaintiff/defendant's Petition & denying requested relief.

5. In the moving Papers (memorandum of Law herein attached) for the reargument motion, affiant directs the Courts attention to Earl V. Oronski, 431 F.3d 1158, 1167 (4th Cir. 2005), citing Townsend V. Sain, 372 U.S. 293 (1963) & Keeney V. Tamayo-Reyes, 504 U.S. 1, 5 (1992) by which the Court is given Power to Grant/hold an EVIDENTIARY HEARING on Petitioner's Colorable claims to complete/support the record that he set forth in his Habeas Petition i a series of Constitutional violations he Prejudicially suffered in state court. Affiant also directs the Court's attention to Crawford V. Washington, 124 S.Ct.

1354 (2004). & it's holding or principles of law under the confrontation clause. The U.S. Supreme Court held: out-of-court statements by witnesses that are testimonial are barred, under the confrontation clause, unless witnesses are unavailable & defendant's had prior opportunity to cross examine witnesses, regardless of whether such statements are deemed reliable by court.

6. As more fully appears from Affidavit of Kenny F. Reeder, sworn to on June 18, 2008, & previously submitted in support of the motion for reargument / reconsideration, the cause of Action set forth in the complaint (reargument) is to be entitled (Granted) an EVIDENTIARY HEARING on all claims put forth in his Habeas Petition in federal court.

WHEREFORE, affiant respectfully requests that the court grant this application to reargue / reconsider Plaintiff / defendant's motion. Affiant further requests that upon such reargument, the previous decision of the Hon. Sue L. Robinson, dated: May 13, 2008 & the accompanying order denying Petition be vacated & set aside & that Plaintiff / defendant's application be granted together with such other & further relief as the court may deem just & proper.

_Kenny Reeder_
Affiant

# EVIDENTIARY HEARING

## Standard and Scope of Review

The standard this court must apply in deciding whether or not to Grant Petitioner an evidentiary hearing on one or more of the habeas corpus claims may be the most important standard of review to be considered at this juncture in the litigation.

A Petitioner on federal habeas corpus is entitled to an evidentiary hearing where the Petitioner establishes a "colorable" claim for relief, & where the Petitioner has never been afforded a state or federal hearing on his claim. Earp V. Oronski, 431 F.3d 1158, 1167 (9th Cir. 2005). Citing Townsend V. Sain, 372 U.S. 293 (1963) & Keeney V. Tamayo-Reyes, 504 U.S. 1, 5, (1992). In stating a "Colorable" claim, a Petitioner is merely required to allege specific facts which, if true, would entitle him to relief. Ibid. Granted, under the AEDPA, a federal court is not required to order a hearing where the Petitioner failed to develop the facts in state court. In such cases, the federal court accords a presumption of correctness to the facts found by the state court, & need not hold any evidentiary hearing unless those facts are rebutted by clear & convincing evidence. On the other hand no AEDPA deference is due where the state has made an "unreasonable" determination of the facts; and: "Where a state court makes evidentiary findings without holding a hearing & giving Petitioner an opportunity to present evidence, such findings clearly result in an "unreasonable determination" of the facts. Taylor V. Maddox, 366 F.3d 992, 1001 (9th Cir. 2004).

In sum, an evidentiary hearing is required under the AEDPA - and an appellate court will remand for a hearing if the district court rules without Granting one - "Where the Petitioner establishes a colorable claim for relief & has never been accorded a state or federal hearing on his claim." Earp, supra, at 1167. Here, Petitioner requested an evidentiary hearing at every level of the state court proceedings, & each of the courts to which he

applied ruled without granting him an evidentiary hearing. As a result, (1) Petitioner is entitled to an evidentiary hearing in this court before the court can make any credibility determinations on the facts alleged in the Petition & supporting exhibits; & (2) Any controverted "facts" found by the state court while denying a request for an evidentiary hearing necessarily result from an "unreasonable determination" of the facts, & hence are not entitled to any presumption of correctness. Earp, supra at 1167; Taylor, supra, at 1101 ["Where the state court's legal error infects the fact finding process, the resulting factual determination will be unreasonable & no presumption of correctness can attach to it."].

### ARGUMENT

The Hon. Court recognized & accepted that Petitioner's Post-Conviction Relief was "timely & Properly" filed in state court which, at that time, was a three (3) year filing deadline. The deadline in state court has since been revised to a one (1) year filing deadline to comfort with the AEDPA federal deadline. It was revised (to Petitioner's knowledge) in July 2005. Petitioner timely asserted his rights within the allowed three years the state statue afforded.

Petitioner has satisfied the hurdle(s) of establishing "colorable" claims for relief & has never been granted an evidentiary hearing in state or federal court to address/review the claims on the merits. Petitioner has backed the claims up with clear evidence of the transcripts of the state court proceedings. Petitioner has put forth evidence of actual Innocence the trial Jury did not have before it & has met the requisite probability under the Schlup standard to overcome the AEDPA bar to have his colorable constitutional claims reviewed on the merits, and or, be granted an evidentiary hearing.

Petitioner has confrontation error, where a out-of-court statement was presented thru testimony of a detective (declarant never produced)

$ used specifically to deny his suppression hearing. Petitioner put forth evidence of <u>Brady</u> violation by state for withholding exculpatory evidence (results of S.B.I) $ Police Perjury, where a detective testified that he did not do something that he very descriptively described he'd done with Petitioner's boot's at a crime scene.

Petitioner put forth evidence of Ineffective Assistance of Counsel $ Prosecutor misconduct, that warrant (along with above) an evidentiary hearing. In retrospect, Petitioner timely asserted his rights mistakenly in the wrong forum (Post-conviction Relief) However, Petitioner's assertion of actual innocence $ evidence put forth, should trigger the equitable tolling doctrine $ Preserve the review/reconsider of his habeas claims on their merits, or in the least, be afforded an evidentiary hearing.

Petitioner humbly prays this Hon. Court vacate $ set aside its May 13, 2008 order denying Petitioner relief, $ that Plaintiff/defendant's motion for reargument/reconsider be Granted herein together with such other $ further relief as this court deems just $ proper.

Dated: June 18, 2008.

Respectfully Submitted,
Yemma Reeder #253949
1181 Paddock Rd. D.C.C.
Smyrna, DE 19977

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

Kenny F. Reeder, Jr.,
PLAINTIFF

v.

Perry Phelps, Warden B,
Att. Gen. of DE.,

Civ. A. No. 07-243-SLR

O R D E R

IT IS HEREBY ORDERED, this _____ day of _____, 200__ that the attached Motion for _____

_____

has been read and considered.

IT IS ORDERED that the Motion is hereby GRANTED/DENIED.

IT IS FURTHER ORDERED THAT _____

_____

_____

_____.

_____
JUDGE

# Certificate of Service

I, _Kenny F. Reeder_, hereby certify that I have served a true and correct cop(ies) of the attached: _Motion for reargument_ _____ upon the following parties/person (s):

TO: _Hon. S.L.R., USDC_
_844 N. King St., lockbox 18_
_Wilmington, DE 19801_

TO: _Kevin M. Carroll, DAG_
_820 N. French St., 6th Fl_
_Wilmington, DE 19801_

TO: _____

TO: _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _20_ day of _June_ _____, 2008

_Kenny Reeder_

$01.00

FROM:
I/M: K. Reeder
SBI# 253949   UNIT 23 BL-6
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

"Legal Mail"

U.S. District Court, Delaware Dist.
Attn: Hon. Sue L. Robinson
844 N. King St., Lockbox 18
Wilm., DE  19801

"Legal Mail"