IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNETH F. REEDER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 07-243-SLR |
| | ) |
| PERRY PHELPS, Warden, | ) |
| and the ATTORNEY GENERAL | ) |
| OF THE STATE OF | ) |
| DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**O R D E R**

At Wilmington this day of August, 2008;

IT IS ORDERED that:

Petitioner Kenneth F. Reeder's "motion for reargument and/or reconsideration" with respect to the court's decision denying petitioner's § 2254 application is **DENIED**. (D.I. 26)  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Here, the court denied petitioner's § 2254 application as time-barred. Petitioner's instant motion argues that the court erred in its statutory tolling calculation

because he timely and properly filed his Rule 61 post-conviction motion in the Delaware Superior Court. However, as previously explained by the court, even though petitioner properly and timely filed his Rule 61 motion under state procedural rules, it was petitioner's failure to file Rule 61 motion prior to the expiration of the federal limitations period that rendered the statutory tolling doctrine inapplicable to his case.

Petitioner also appears to re-assert his argument that his alleged "actual innocence" should act to toll AEDPA's limitations period. The court already considered, and rejected, this argument in its Memorandum Opinion. See (D.I. 22, at pp. 6-7) To the extent petitioner suggests that the court committed a clear error of law, the court is unpersuaded. Accordingly, the court concludes that petitioner's motion does not warrant reconsideration of its decision.

_____
UNITED STATES DISTRICT JUDGE